799 A.2d 448

Denise FORD

v.

Sherman DOUGLAS.

No. 1228, Sept. Term, 2001.

Court of Special Appeals of Maryland.

June 4, 2002.

Christiane E. Sorel, Potomac, for appellant.

John C. Lynch (MacLeay, Lynch, Gregg & Lynch, P.C., on the brief), Washington, D.C., for appellee.

Argued Before HOLLANDER, JAMES R. EYLER, and KENNEY, JJ.

JAMES R. EYLER, J.

The primary question in this case is whether the statute of limitations applicable to battery is one year or three years. We hold that it is three years.

## Factual Background

On June 16, 2000, Denise Ford, appellant, filed a complaint in the Circuit Court for Montgomery County against Sherman Douglas, appellee. Appellant alleged that on January 1, 1999, an incident occurred between the parties outside of a nightclub in the District of Columbia. During a period of time prior to January 1, 1999, the parties lived together and had a child. Based on the January 1 encounter, appellant alleged assault in Count 1 and battery in Count 2. Appellant alleged intentional infliction of emotional distress in Count 3, based on the assault and battery plus periodic threats and intimidation throughout their relationship.

On July 24, 2000, appellee filed a motion to dismiss Counts 1 and 2 on the ground that they were barred by limitations. On July 27, 2000, appellant filed an amended complaint, in which she alleged additional assaults by appellee in the spring, summer, and fall of 1999, and the spring of 2000. Appellant also expanded her allegations with respect to the tort of intentional infliction of emotional distress by alleging that the

assaults and other acts had occurred over a long period of time and were ongoing. On September 25, 2000, the circuit court granted the motion to dismiss.

On June 20, 2001, appellee filed a motion for summary judgment with respect to Count 3 on the ground that appellant had not sustained a "severe and disabling emotional injury" and that appellee's conduct was not "extreme and outrageous." On July 9, 2001, the circuit court granted the motion on the ground that the alleged conduct was not extreme and outrageous within the meaning of the tort.

## Questions Presented

On appeal, appellant does not challenge the circuit court's dismissal of the assault count. The questions posed by appellant, as rephrased by us, are as follows:

1. Is the statute of limitations applicable to the tort of battery one year or three years?

2. Is the tort of intentional infliction of emotional distress "barred" when the underlying facts constitute a battery?

The answer to the first question is three years, and consequently, we reverse the order of dismissal with respect to the battery count. The answer to the second question is in the negative, and consequently, we vacate the entry of summary judgment in favor of appellee with respect to the count alleging intentional infliction of emotional distress.

## Discussion

### 1.

The general statute of limitations for civil actions is three years. *See* Md.Code, Courts and Judicial Proceedings (CJ), § 5–101 (1998, 2001 Supp.). The statute of limitations applicable to actions for "assault, libel, or slander" is one year. Md.Code, CJ, § 5–105.

With respect to an action for battery, appellant contends that the general statute of limitations applies, and appellee contends that the one-year statute of limitations

applies. The question before us is one of statutory interpretation, the primary goal of which is to "ascertain and effectuate the intention of the legislature." *Maryland Dep't of the Environment v. Underwood*, 368 Md. 160, 183, 792 A.2d 1130 (2002)(quoting *Oaks v. Connors*, 339 Md. 24, 35, 660 A.2d 423 (1995)). We first look to the text of the statute, giving the words their ordinary meaning. If the plain meaning of the statute is unambiguous, our inquiry into the legislature's intent is complete. *See Langston v. Langston*, 366 Md. 490, 508, 784 A.2d 1086 (2001). If, however, ambiguity exists, we turn to surrounding circumstances, such as legislative history and the purpose behind the statutory scheme as a whole, to determine legislative intent. *See Breitenbach v. N.B. Handy Co.*, 366 Md. 467, 473, 784 A.2d 569 (2001) (citations omitted).

The language of the statute is unclear because, as appellee points out, the term assault is frequently used to include both assault and battery. *See, e.g., Claggett v. State*, 108 Md.App. 32, 670 A.2d 1002 (1996); *Lamb v. State*, 93 Md.App. 422, 427–69, 613 A.2d 402 (1992) (containing an in depth discussion of assault and battery, recognizing that they are separate concepts but are frequently used imprecisely or in error). When we look at the legislative history with respect to the particular statute before us, however, the intention of the legislature in that context becomes clear.

Prior to 1989, CJ section 5–105 expressly applied to assault, battery, libel, and slander. Effective July 1, 1989, Senate Bill 418 was enacted as chapter 488, Laws of Maryland 1989. Chapter 488 amended section 5–105 to delete battery, thereby making battery subject to the general statute of limitations. Chapter 488 further provided that the amendment applied to any cause of action arising on or after July 1, 1988. The bill, as originally introduced, would have deleted assault and battery from section 5–105 but, in its amended form, it deleted only battery. Legislative history indicates that the measure was enacted as part of the general legislative effort to aid victims of crime. The statute of limitations for battery was changed because of the recognition that criminal cases were frequently not concluded within one year, and thus, it was

impractical to have the one-year statute of limitations for civil actions. The legislature distinguished between assault and battery and determined to change the statute only in the case of battery.

Appellee observes that this court, in *Reames v. State Farm Fire & Casualty Insurance Co.,* 111 Md.App. 546, 558 n. 15, 683 A.2d 179 (1996), indicated that assault and battery is governed by the one-year statute of limitations. Appellee also observes that the United States District Court for the District of Maryland made a similar observation in *Coby v. Mobley,* 1994 U.S. Dist. Lexis 5125, *5 (Civil Action No. HAR 93–2080).

In *Reames,* this Court was quoting the position taken by the appellants in that case. In both *Reames* and *Coby,* the observations were pure *dicta.* Both decisions do illustrate appellee's valid point that litigants, courts, and others use the terms assault and battery interchangeably and sometimes in error. In the case before us, however, the issue is one of statutory interpretation, and the intent of the legislature is clear.

**2.**

■ Appellant contends that the circuit court erred in dismissing the intentional infliction of emotional distress count based on its erroneous conclusion that the count would not lie if there were actual physical contact *i.e.,* a battery. While it is not clear, it appears the circuit court based its decision on a conclusion that conduct involving physical contact that would constitute the tort of battery, if proved, could not be considered in determining whether the conduct in question was "extreme and outrageous" within the meaning of the tort of intentional infliction of emotional distress. The torts of battery and intentional infliction of emotional distress need to be addressed separately.

■ In *Harris v. Jones,* 281 Md. 560, 380 A.2d 611 (1977), the Court of Appeals stated that, for the tort of intentional infliction of emotional distress, (1) the conduct must be intentional or reckless, (2) the conduct must be extreme and

outrageous, (3) there must be a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress must be severe. *Harris*, 281 Md. at 566, 380 A.2d 611. Conduct is deemed outrageous and extreme "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 567, 380 A.2d 611 (citations omitted). The Court of Appeals further explained that, " '[w]hether the conduct complained of meets this test is, in the first instance, for the court to determine.' " *Penhollow v. Board of Commissioners for Cecil County*, 116 Md.App. 265, 297, 695 A.2d 1268 (1997)(quoting *Batson v. Shiflett*, 325 Md. 684, 734, 602 A.2d 1191 (1992)).

In the case *sub judice*, appellant claims appellee intentionally caused her emotional distress by way of (1) physical and verbal abuse throughout their approximately eight year relationship, (2) battery in the early morning of January 1, 1999, and (3) threats and other verbal harassment continuing until the present time. Appellant contends that appellee threatened to take away their daughter, of whom appellant has custody, if appellant commenced the instant lawsuit, to financially ruin and physically harm appellant, and to have others physically harm appellant,[1] all of which caused her severe emotional distress.

█ When evaluating whether behavior rises to the level of outrageous and extreme, courts look at a defendant's conduct, rather than a plaintiff's right to compensation. *See Kentucky Fried Chicken National Mgmt. Co. v. Weathersby*, 326 Md. 663, 671, 607 A.2d 8 (1992). In evaluating that conduct, the circuit court should have considered all of the alleged conduct, including conduct that might also constitute an assault and/or

---

1. The complaint, amended complaint, and the motion papers addressing the issue used broad allegations, and only certain pages from appellant's deposition were attached as exhibits to the motion papers. The pages from appellant's deposition were not consecutively numbered. It is hard to tell whether the pages were intentionally selected, randomly selected, or represent a copying error.

battery. The torts are separate and distinct, with their own elements. The immediate question is whether all of the conduct alleged to constitute the tort of intentional infliction of emotional distress constitutes legally sufficient evidence to create a jury issue. We remand this case to the circuit court to make that determination.

There have been several appellate decisions since *Harris,* that will aid the court in its decision. *See, e.g., Manikhi v. Mass Transit Administration,* 360 Md. 333, 367–370, 758 A.2d 95 (2000); *Batson v. Shiflett,* 325 Md. 684, 734–35, 602 A.2d 1191 (1992); *Kentucky Fried Chicken National Mgmt. Co.,* 326 Md. at 670–81, 607 A.2d 8; *Figueiredo–Torres v. Nickel,* 321 Md. 642, 653–657, 584 A.2d 69 (1991); and *B.N. v. K.K.,* 312 Md. 135, 144–49, 538 A.2d 1175 (1988).

**THE ORDER OF DISMISSAL WITH RESPECT TO BATTERY IS REVERSED. SUMMARY JUDGMENT WITH RESPECT TO INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS VACATED. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. OTHERWISE AFFIRMED. COSTS TO BE PAID BY APPELLEE.**